UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY B. DELASHAW, JR.,

Plaintiff,

v.

ALDEN ROBERTS, et al.,

Defendants.

CASE NO. C18-1850JLR

SHOW CAUSE ORDER

Before the court are two motions for summary judgment filed by Plaintiff Johnny B. Delashaw, Jr.: (1) a motion for partial summary judgment regarding due process (1st MSJ (Dkt. # 32)), and (2) a motion for partial summary judgment regarding equal protection (2d MSJ (Dkt. # 35).) Mr. Delashaw filed his first motion for partial summary judgment on February 13, 2020 (*see* 1st MSJ at 24), and his second motion for partial summary judgment a week later on February 20, 2020 (*see* 2d MSJ at 16). The first motion for summary judgment is 24 pages long (*see* 1st MSJ); the second motion for summary judgment is 16 pages long (*see* 2d MSJ). Defendants Alden Roberts, Melanie

DeLeon, Micah Mathews, Gordon Wright, and Stephen Correa (together, "Defendants") oppose both motions. (*See* 1st MSJ Resp. (Dkt. # 40); 2d MSJ Resp. (Dkt. # 44).)

Mr. Delashaw's motions for summary judgment violate the court's local rules. Western District of Washington Local Civil Rule 7(e)(3) states that "[a]bsent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." Local Rules W.D. Wash. LCR 7(e)(3). "This rule seeks to avoid the inefficiencies caused by duplicative dispositive motions and circumvention of the court's page limits." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1321 (W.D. Wash. 2015). Mr. Delashaw's motions for partial summary judgment are contemporaneous and directed toward discrete issues and claims. (*See generally* 1st MSJ; 2d MSJ.) Yet, Mr. Delashaw did not seek or obtain leave of the court to file these contemporaneous motions. (*See generally* Dkt.) The motions are also 40 pages in combined length, which is 16 pages more than allotted for summary judgment motions under the local rules.[1] *See* Local Rules W.D. Wash. LCR

//

[1] The court also notes that Mr. Delashaw attempts to support his second motion for partial summary judgement by incorporating the facts and declarations he submitted in support of his first motion for summary judgment into the second motion. (*See* 2d MSJ at 3.) Yet, in his reply brief in support of his second motion for summary judgment, Mr. Delashaw moves to strike portions of declarations submitted by Defendants in support of their opposition to Mr. Delashaw's second motion for summary judgment on the grounds that those facts relate to Mr. Delashaw's first motion for partial summary judgment. (*See* 2d MSJ Reply (Dkt. # 48) at 2-3.) Incredulously, Mr. Delashaw cites the court's local rules and claims that "[i]t is improper and unfair to submit this evidence in connection with a completely unrelated motion" (*id.* at 2), even though Mr. Delashaw explicitly did the same thing in his second motion for summary judgment (*see* 2d MSJ at 3). This dispute underscores the complications caused by Mr. Delashaw's decision to flout the court's rules on contemporaneous dispositive motions.

7(e)(3). Thus, Mr. Delashaw's disregard for the court's rules allowed him to circumvent the court's page limits.

The court ORDERS Mr. Delashaw to respond to this order and show cause why the court should not strike Mr. Delashaw's second motion for summary judgment without leave to refile. Mr. Delashaw shall file his response to the court's order to show cause by Friday, May 8, 2020, at 12:00 PM, Seattle time. Defendants may, but are not required to, file a response to the court's order to show cause within the same timeframe. The court further directs the parties to limit their responses to no more than five pages.

The court cautions Mr. Delashaw that it expects all parties to faithfully adhere to the court's local rules. Any additional violations of the local rules may result in sanctions.

Dated this 5th day of May, 2020.

JAMES L. ROBART
United States District Judge