1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

JOHNNY B DELASHAW, JR.,

CASE NO. C18-1850JLR

11

Plaintiff,

ORDER ON RESPONSE TO
SHOW CAUSE ORDER

12

v.

13

ALDEN ROBERTS, et al.,

14

Defendants.

15

Before the court is Plaintiff Johnny B. Delashaw, Jr.'s response to the court's

16

order to show cause.  (*See* OSC (Dkt. # 70); OSC Resp. (Dkt. # 71).)  The court ordered

17

Mr. Delashaw to show cause why his second motion for summary judgment regarding

18

equal protection (2d MSJ (Dkt. # 35)) should not be stricken for failure to comply with

19

Western District of Washington Local Civil Rule 7(e)(3), which states that "[a]bsent

20

leave of the court, a party must not file contemporaneous dispositive motions, each one

21

directed toward a discrete issue or claim" (*see* OSC at 2 (citing Local Rules W.D. Wash.

22

LCR 7(e)(3)).  The court has reviewed Mr. Delashaw's response, the relevant portions of

the record, and the applicable law.  Being fully advised, the court STRIKES Mr.

Delashaw's first and second motions for summary judgment (1st MSJ (Dkt. # 32); 2d

MSJ (Dkt. # 35)) without prejudice to refiling a renewed motion for summary judgment

that comports with the court's rules for the reasons stated below.

In his response to the court's order to show cause, Mr. Delashaw argues that the

court should excuse his violation of Local Civil Rule 7(e)(3) because Mr. Delashaw made

the decision to file contemporaneous motions for summary judgment "based on a

reasonable interpretation of the ordinary meaning of [the] rule's words."  (*See* MSJ Resp.

at 1.)  More specifically, Mr. Delashaw argues that it is "not unreasonable" to read Local

Civil Rule 7(e)(3) as prohibiting multiple dispositive motions directed at discrete issues

only if the motions were filed "at the same time."  (*See id.* at 2.)  The court disagrees.  In

fact, Mr. Delashaw's response to the show cause order underscores the unreasonableness

of his reading.

First, as Mr. Delashaw notes, even a cursory glance at this court's prior decisions

would have revealed that "this [c]ourt has said that the prohibition on filing

contemporaneous dispositive motions precludes a successive motion while a first motion

is pending."  (OSC Resp. at 1 (citing *Puget Sound Elec. Workers Healthcare Tr. v. S.*

*Sound Elec., Inc.*, C13-0960JLR, 2014 WL 2938473, at *1 (W.D. Wash. June 30,

2014)).)  Although Mr. Delashaw admits he would not have filed contemporaneous

motions without the court's authorization had he known about this caselaw, Mr.

Delashaw makes no effort to explain why he failed to identify this caselaw prior to filing

contemporaneous motions for summary judgment.  (*See id.* at 1-3.)

1    Second, the dictionary definitions of the term "contemporaneous" that Mr.

2   Delashaw utilizes to try to prop up his reading of Rule 7(e)(3) cut squarely against him.

3   The dictionaries Mr. Delashaw cites define "contemporaneous" as "existing, occurring,

4   or originating at the same time" and "[l]iving, occurring, or existing at the same time."

5   (*See id.* at 2 (citing https://www.merriam-webster.com/dictionary/contemporaneous;

6   Black's Law Dictionary (11th Ed. 2019)).)  These disjunctive definitions make clear that

7   things may be "contemporaneous" if they "exist[]" or "liv[e]" at the same time.  Clearly,

8   Mr. Delashaw's motions for summary judgment—which were filed only one week apart

9   and were pending at the same time—exist or live at the same time, making them

10   "contemporaneous" motions.  Indeed, this reading of the term comports with its usage in

11   common parlance.  Surely, if asked to name his "contemporaries" in the field of

12   neurosurgery, Mr. Delashaw would include medical professionals whose practice existed

13   at the same time as his—not just medical professionals who shared his birthday or who

14   were granted medical licenses on the exact same day as him.  The same logic applies to

15   Local Rule LCR 7(e)(3).  The rule prohibits multiple pending motions for summary

16   judgment, regardless of the filing date of each motion.  *See Puget Sound Elec. Workers*

17   *Healthcare Tr.*, 2014 WL 2938473, at *1.

18    Third, Mr. Delashaw's reading of Local Rule LCR 7(e)(3) would eviscerate the

19   rule's purpose.  The purpose of Local Rule LCR 7(e)(3) is "to avoid the inefficiencies

20   caused by duplicative dispositive motions and circumvention of the court's page limits."

21   *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291,

22   1321 (W.D. Wash. 2015).  If, as Mr. Delashaw proposes, parties could file as many

dispositive motions as they pleased so long as each motion was filed on a different date,
the court's page limits would become meaningless and dispositive motions practice
would become woefully inefficient.  One need not strain to imagine chaotic
hypotheticals.  Here, Mr. Delashaw filed two motions that were a total of 40 pages in
length in one week.  (*See generally* 1st MSJ; 2d MSJ.)  Under his reading of Rule 7(e)(3),
however, he could have filed one 24-page summary judgment motion every day for a
week—a total of seven dispositive motions and 168 pages of briefing—without seeking
court permission.  Mr. Delashaw should have been aware that a reading that yields such a
result is not reasonable.

Although the court has little difficulty rejecting the reasonableness of Mr.
Delashaw's reading of Local Rule LCR 7(e)(3), fashioning an appropriate remedy
presents a more challenging issue.  The court agrees with Mr. Delashaw that matters
raised in Mr. Delashaw's contemporaneous motions may "require the [c]ourt's attention
prior to or during trial."  (*See* OSC Resp. at 3.)  Resolving those matters on a motion for
summary judgment may streamline the trial in this matter.  On the other hand,
considering Mr. Delashaw's motions as filed would reward Mr. Delashaw for violating
the court's rules, which the court is disinclined to do.

Ultimately, the court concludes that the appropriate remedy is to strike Mr.
Delashaw's motions and make him start over.  Due to the COVID-19 pandemic's impact
on the court's calendar, the court vacated the trial date in this matter.  (*See* 4/13/20 Min.
Entry (Dkt. # 63).)  Although the court has not yet begun the process of resetting trial
dates for trials vacated by COVID-19, the court anticipates that the parties will receive a

2021 trial date for this matter, which will afford Mr. Delashaw sufficient time to re-brief his summary judgment motions in accordance with the court's local rules. Accordingly, the court STRIKES Mr. Delashaw's contemporaneous motions for summary judgment (Dkt. ## 32, 35) without prejudice to refiling one motion for summary judgment that comports with the page limits and other filing requirements of the court's local rules. Mr. Delashaw must file any such motion by May 22, 2020, and note it for consideration no later than June 19, 2020. So that the court can consider Defendants' motion for summary judgment (*see* Def. MSJ (Dkt. # 38)) on the same timeframe as any renewed motion from Mr. Delashaw, the court DIRECTS the Clerk to re-note Defendants' motion (Dkt. # 38) for June 19, 2020.

The court understands that this decision impacts Defendants, who have already filed oppositions to both of Mr. Delashaw's motions. (*See* 1st MSJ Resp. (Dkt. # 40); 2d MSJ Resp. (Dkt. # 44).) Although these oppositions may be adapted to any consolidated motion that Mr. Delashaw files, the court will entertain a motion for any excess attorney's fees Defendants incurred in (1) responding to Mr. Delashaw's contemporaneous motions for summary judgment, (2) preparing a new opposition to any renewed motion from Mr. Delashaw, or (3) both, if Defendants believe they are entitled to fees and can provide authority for any such entitlement.

Dated this 12th day of May, 2020.

JAMES L. ROBART
United States District Judge